**In re David L. MARTIN, Jr., Debtor.**

**Bankruptcy No. 99–23312.**

United States Bankruptcy Court,
D. Connecticut.

Jan. 4, 2000.

---

The amount billed was $15,192.63. No explanation of the difference has been proffered.

Andrew K. Brotmann, Brotmann & Freedman, Stamford, CT, for Citicorp Credit Services, Inc.

Kevin J. Burns, Cohen Auger Burns & Hard, Hartford, CT, for debtor.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

The matter before the court is a pleading of Citicorp Credit Services, Inc. ("Citicorp"), treated as a motion to revoke an order which the court, ex parte, entered on December 2, 1999, changing the location of a Bankruptcy Rule 2004[1] examination of David L. Martin, Jr., the debtor, from Stamford, Connecticut to Hartford, Connecticut. The debtor had filed a Chapter 7 case in this court on October 13, 1999.[2] The court, ex parte, had entered an order on November 22, 1999, granting Citicorp's motion seeking a Rule 2004 examination of the debtor and, as requested by the motion,[3] directing the debtor, a resident of Bloomfield, Connecticut, to appear at the Stamford, Connecticut law offices of Citicorp's counsel.[4]

### II.

At the hearing on Citicorp's motion, no testimony was proffered, but the parties advanced the following arguments as to the most appropriate location for the debtor's examination. The debtor emphasized the hurtful burden placed upon him to retain counsel to travel to Stamford when Citicorp chose not to attend the creditors' meeting and question the debtor in Hartford. Citicorp argued the policy of the Bankruptcy Code is to place all attendant costs on the petitioner who seeks a discharge from debt[5] and further suggested

1. Fed.R.Bankr.P.2004(a). *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.

2. All cases in which the debtor resides or has its principal place of business in Hartford, Tolland or Windham Counties are assigned to the Hartford Division of the U.S. Bankruptcy Court, District of Connecticut.

3. Fed.R.Bankr.P.2004(d) provides:
   (d) *Time and Place of Examination of Debtor.* The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending. Stamford is located in Fairfield County, in the southwestern corner of the State of Connecticut, approximately 80 miles from Hartford.

4. Citicorp's motion asserted the debtor "may have engaged in credit card abuse with respect to Citicorp's debt." *Motion* at 2.

5. Fed.R.Bankr.P.2004(e) requires that "lawful mileage and witness fee" be tendered *"an entity other than a debtor"* to attend a Rule 2004 examination where the place of exami-

that, in the absence of a local district or bankruptcy rule, the court should not place limits on Citicorp's reasonable choice of location within the district.

### III.

The court concludes that the most reasonable resolution in dealing with each party's concerns is to adopt the provisions of the Connecticut Superior Court Rules[6] which establish limits on places of deposition in state-court matters. Connecticut practitioners are familiar with such provisions, and they reflect the considered wisdom of the state-court judges. Accordingly, the court, pursuant to the discretion contained in Rule 2004(d), will enter the amended order attached to this memorandum. It is

SO ORDERED.

### EXHIBIT

### AMENDED ORDER FOR EXAMINATION

Upon the motion of Citicorp Credit Services, Inc. dated November 22, 1999, filed pursuant to Bankruptcy Rule 2004, requesting the examination of the Debtor, David L. Martin, Jr., within the scope of the matters outlined in Bankruptcy Rule 2004(b), it is

ORDERED:

(1) That the movant may examine the Debtor.

(2) That the Debtor shall appear for such examination at any place designated by the movant provided it is a place within the county of the debtor's resi-

dence, or within 30 miles of such residence, or within Hartford County, or at a place mutually agreed upon by Debtor and movant.

Dated at Hartford, Connecticut, this 4th day of January, 2000.

/s/

ROBERT L. KRECHEVSKY

UNITED STATES BANKRUPTCY JUDGE

nation is under 100 miles from the debtor's residence. (Emphasis added.) *See also United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (Congress can constitutionally bar a debtor from obtaining a discharge from debt, if debtor does not pay the court filing fee, even if debtor submits an uncontested in forma pauperis petition.)

**6.** Section 13–29(a) provides:
  (a) Any party who is a resident of this state may be compelled by notice as provided in

Section 13–27(a) to give a deposition at any place within the county of such party's residence, or within thirty miles of such residence, or at such other place as is fixed by order of the judicial authority. A plaintiff who is a resident of this state may also be compelled by like notice to give a deposition at any place within the county where the action is commenced or is pending. Conn. Practice Book § 13–29(a).